IN THE
UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

JUN 23 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO, | X | |
| PETITIONER | X | |
| V. | X | CAUSE NO. B-02-204 |
| | X | |
| JANIE COCKRELL, Director | X | |
| Institutional Division, Texas | X | |
| Department of Criminal Justice | X | |

**REQUEST FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Comes now the Petitioner to ask this Court to issue a Certificate of Appealability in this cause for the following reasons:

I.

Mr. Monterrubio is a death sentenced inmate whose petition for writ of habeas corpus was filed in this Court. This Court entered an order adopting the findings of United States Magisrate Judge Felix Recio and dismissed Mr. Monterrubio's writ application on June 6, 2003. The order was entered by the Clerk on June 9, 2003.

II. Standards for the Issuance of a Certificate of Appealability

The standards for issuing a Certificate of Appealability were recently clarified in **Miller-El v. Cockrell,** ___ U.S. ___ (#01-7662, 2/23/03). 28 USC Sec. 2253 mandates that Mr. Monterrubio demonstrate a substantial showing of a denial of a constitutional right. Because this Court ruled on a procedural basis, Mr. Monterrubio must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason wold find it debatable whether the district court was

correct in its procedural ruling." **Slack v. McDaniel**, 529 U.S. 473, 484 (2000).

> This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.
>
> To that end, our opinion in **Slack** held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner '"has already failed in that endeavor."' (citation omitted).
>
> . . . .
>
> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. Barefoot, supra, at 893. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

A. Is Mr. Monterrubio's claim of ineffective state habeas counsel itself procedurally defaulted?

In footnote 5 of his opinion, Judge Recio noted that Mr. Monterrubio's claim of ineffective state habeas counsel was itself procedurally defaulted because the allegation was barred by Texas abuse of the writ doctrine embodied in Art. 11.071, Sec. 5, V.A.C.C.P. See page 9 of Magistrate Judge's Report. The application of procedural default in that context should have been excused because Mr. Monterrubio was being represented by the very lawyer whose ineffectiveness was being challenged here. See e.g. **Jordan v. Hargett**, 34 F.3d 310, 314-15 (5th Cir. 1994) rehearing en banc, 42 F.3d 1483, vacated on other grounds, 53 F.3d 94 (1995); **Walker v Gibson**, 228 F.2d 1217, 1231-32 (10th Cir. 2000); **Bloomer v United States**, 162 F.3d 187, 192 (2nd Cir. 1998) (failure to raise ineffective assistance of counsel on direct appeal and in

first section 2255 claim were excused because same lawyer represented petitioner until second 2255 motion which was the first real opportunity to raise the IAC claim; **Jackson v. Shanks**, 143 F.3d 1313, 1318-19 (10th Cir. 1998); **Robinson v. Norris**, 60 F.3d 457, 459-60 (8th Cir. 1995); **Ciak v United States**, 59 F.3d 296, 303 (2nd Cir. 1995); **United States v. Galloway**, 56 F.3d 1239, 1241 (10th Cir. 1995); **Osborn v Shillinger**, 861 F.2d 612, 622-23 (10th Cir. 1988); **Alston v. Garrison**, 720 F.2d 812, 816 (4th Cir. 1983); **Guzzardo v. Bengston**, 642 F.2d 1300, 1304 (7th Cir. 1981) (attorney cannot be expected to allege his own incompetence); **Dawan v. Lockhart**, 980 F.2d 470, 473-74 (8th Cir. 1992). Mr. Monterrubio's state habeas counsel could hardly have been in a position to allege his own ineffectiveness; any procedural default should have been excused.

As to prejudice, it is clear that had state habeas counsel challenged the admission into evidence of Sixto Monterrubio's confession on the basis of the **Lilly v Virginia**, 527 U.S. 116 (1999), it is very likely relief would have been granted.

It is thus, clear as to this portion of Judge Recio's opinion, Mr. Monterrubio has made a sufficient showing that resaonable jurists would differ and a Certificate of Appealability should issue.

B. Did Mr. Monterrubio demonstrate cause and prejudice for his procedural default by demonstrating incompetent state habeas counsel?

Judge Recio also overruled Mr. Monterrubio's efforts to show cause and prejudice for his state counsel's failure to litigate the claims raised herein. Mr. Monterrubio attacked the use of the procedural bar on several bases: (1) that **Coleman v Thompson**, 501 U.S. 722 (1991) creates no bar where the State has a responsibility to insure competent counsel and (2) **Coleman** did not resolve the issue of whether a prisoner is entitled to the effective assistance of state

habeas counsel if "state collateral review is the first place a prisoner can present a challenge to his conviction." 501 US at 755. See also **Daniels v United States**, 532 U.S. 374 (2001)( Justice Scalia concurring - "We have left open the question whether such ineffective assistance can establish a constitutional violation," citing **Coleman**). That these questions remain open ones is sufficient to justify the grant of a Certificate of Appealability, even though the Fifth Circuit has ruled to the contrary. See **Beazley v. Johnson**, 242 F.3d 248, 256 (2001); **Trevino v. Johnson**, 168 F.3d 173, 180 (1999); **In Re: Goff**, 250 F3d 273 (2001); **Nobles v. Johnson**, 127 F.2d 409, 423 (1997); **Martinez v. Johnson**, 255 F.3d 229, 240 (5th Cir. 2001).

- Further, one of the issues raised was whether Mr. Monterrubio received the effective assistance of counsel on appeal when his court appointed counsel failed to raise a Sixth Amendment challenge to the use of Sixto Monterrubio's confession without Sixto being subjected to cross examination. For the same reasons set forth above, because it could not be expected that appellate counsel would challenge his own ineffectiveness, habeas corpus was the first avenue by which Mr. Monterrubio could raise this issue. Because this also remains an open issue, see **Daniels v United States supra**, despite the Fifth Circuit's rulings, the issuance of a Certificate of Appealability is appropriate.

As to the due process issues, and as to the issue of whether the application of a procedural default is an adequate state procedural bar, Mr. Monterrubio advances the same arguments as he did before Judge Recio and in his objections to Judge Recio's recommendations. Even though the Fifth Circuit has rejected these arguments, see **James Lee Henderson v Cockrell**, ___ F.3d ___ (5th Cir. June 9, 2003), that the Supreme Court has yet to rule justifies the issuance of a Certificate of Appealability.

Finally that a number of state jurisdiction have recognized, either as a matter of due

process, or as a matter of state statutory law, the right to effective habeas counsel argues in favor of issuing a Certificate of Appealability.  **State v. Velez**, 746 A.2d 1073 (N.J. Super.Ct. 2000); **Ivoieno v Commissiner of Correction**, 699 A.2d 1003 (Conn. 1997); **People v Johnson**, 609 N.E. 2d 304 ((ll. 1994); **Waters v. State**, 574 N.E.2d 911 (Ind. 1991); **People v Butler**, 541 N.E. 2d. Ill.App. Ct. 1989); **Jackson v Weber**, ___ N.W.2d ___, 2001 WL 1426700 (S.D. Nov. 2001); **Commonwealth v Albrecht**, 720 A.2d 693 (PA. 1998); **Olive v Maas**, ___ So. 2d ___ (#SC00-317 Fla, Feb. 14, 2002); **Spaulding v Dugger**, 526 So.2d 71 (Fla 1988) ( as a matter of Florida statutory law).

IV. Mr. Monterrubio's Fifth Amendment claim

Judge Recio ruled that also procedurally defaulted Mr. Monterrubio's Fifth Amendment challenge to the admission of his confession.  See Magistrate's report pp. 15-18.  According to the Magistrate Judge, Mr. Monterrubio's Fifth Amendment challenge is two fold: one that he presented to the Court of Criminal Appeals and one that he allegedly expanded in his second round of habeas corpus.  Mr. Monterrubio disputes that holding.

As to the first argument allegedly presented to the Court of Criminal Appeals, the Magistrate noted that the Court of Criminal Appeals had refused to address that issue because the point of error was inadequately briefed.  At the time Mr. Monterrubio's decision was rendered, briefing rules were governed by Tex.R.App.Proc. 74. [1]  Tex.R.App.Proc. 74(o) permitted briefs to be supplemented or amended, "and if the court shall strike or **refuse to consider any part of a**

---

[1] Tex.R.App.Proc. 38.9 now governs the interpretation of the briefing rules.  38.9(a) governs formal defects and accords the appellate court the discretion to either require a brief to be amended, supplemented or redrawn and, only if the defect is not cured by that remedial action, may the court strike the brief.  With substantive defects, that is, where the "law and authorities have not been properly cited in the briefs," the court may postpone submission, require additional briefing, or make "an other order necessary for a satisfactory submission of the case."

**brief,** the court shall on reasonable terms allow the same to be amended or supplemented."
Tex.R.App.Proc. 74(p) mandated a liberal construction of the briefing rules; if the brief substantially complied with the rules, the issue would be considered. If it did not or if the rule violation was flagrant, the court had discretion: "the court may require the case to be rebriefed.

The Court of Criminal Appeals, though it had precedent for refusing to consider points of error inadequately briefed, see **Narvaiz v. State,** 840 S.W.2d 415, 429 ((Tex.Crim.App.- 1992); **Garcia v. State,** 887 S.W.2d 862, 876 (Tex.Crim.App.- 1994) cited in the opinion of the Court in the instant case, refused to apply this rule consistently. In some cases, as noted, the Court refused to consider the point of error. In other cases, the point of error was considered in the interests of justice. See **Sterling v. State,** 800 S.W.2d 513, 521 (Tex.Crim.App.- 1990). In other cases, the party was ordered to redraft his appellate brief. See **Pumphrey v. State,** 689 S.W.2d 466, 467 (Tex.Crim.App.- 1985).

The Fifth Circuit harshly criticized the strict application of this rule in **Passmore v. State,** 607 F.2d 662 (5th Cir. 1979):

> It is abundantly clear that the Texas Court of Criminal Appeals had actual knowledge that petitioner was receiving incompetent representation and took no remedial action. The per curiam opinion noted that "[o]bviously, this [one sentence brief] presents nothing for reivew. . . .
>
> In the instant case, the Texas Court of Criminal Appeals could have ordered petitioner's counsel to rebrief the case before disposition of the appeal, . . . .

607 F.2d at 664.

A state procedural rule that is not mandatory but is only a matter of discretion cannot serve as a procedural default. See e.g. **Sullivan v. Little Hunting Park,** 369 U.S. 229, 223-34

(1969) (direct review case); **Williams v. Georgia**, 349 U.S. 375, 389 (1955) (direct review case); **Wells v Maass**, 28 F.3d 1005 (9th Cir. 1994). See also **Ortega-Rodriguez v United States**, 507 U.S. 234, 250, and fn. 23 (1993).

Further, to constitute an adequate state ground, see above, the state rule must be strictly and regularly followed in the state courts. **Hathorn v. Lovorn**, 457 U.S. 255, 262-63 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar cases.") See also **Coleman v. Thompson**, 501 U.S. 722, 758 (1991) (White, J. Concurring) (if it "were true" that the state supreme court "on occasion waives the untimeliness rule[,] the rule would not be an adequate and independent state ground barring direct or habeas review"); **Dugger v. Adams**, 489 U.S. 401, 410-11, fn. 6 (1989); **Johnson v. Mississippi**, 486 U.S. 578, 587 (1988); **Sayre v. Anderson**, 283 F.2d 631, 634 (5th Cir. 2001) (state rule deeming claims to be defaulted in raised for the first time at post conviction stage is not adequate to bar federal review because the State of Mississippi did not usually apply rule to similar claims); **Martin v. Maxey**, 98 F.3d 844, 848 (5th Cir. 1996); **Reed v. Scott**, 70 F.3d 844, 846-47 (5th Cir. 1995); **King v.Puckett**, 1 F.3d 280, 283-84 (5th Cir. 1993); **Smith v. Black**, 970 F.2d 1383, 1386-88 (5th Cir. 1992).

Thus, the Magistrate Judge's application of a procedural bar to this issue was inappropriate. Based on the authority cited, Mr. Monterrubio has made a sufficient showing that reasonable jurists might differ on this issue and a Certificate of Appealability should issue.

Further, there are not two claims as the Magistrate Judge concluded. Though the claim presented in federal court differs in language from that presented in state court, it is the same claim. a petitioner is not required to have exhausted each individual fact during state proceedings. When a claim has been presented to the state courts, a petitioner in federal court

may develop new facts supporting that claim, unless the additional factual presentation makes the "claim[] . . . so clearly distinct from the claim[] he has already presented to the state courts that it may fairly be said that the state courts have had *no opportunity* to pass on the claim . . . ." **Humphrey v. Cady**, 405 U.S. 504, 516 n.18 (1972) (emphasis added); see **Brown v. Estelle**, 701 F.2d 494, 495 (5th Cir. 1983) (exhaustion required when new evidence "place[s] the case in a significantly *different* and stronger evidentiary posture than it was when the state courts considered it") (emphasis added). Every new fact does not render a claim unexhausted. New facts only render a claim unexhausted when the information alters the claim to such an extent that it would not be fair to say that the state courts had the opportunity to consider it. **See Humphrey**, 405 U.S. at 516. Mr. Monterrubio did not allege new facts but merely plead the facts correctly. Further, the Texas Court of Criminal Appeals addressed this issue on the merits on direct appeal. See fn. 6. The issue has been both presented to the state courts and addressed on the merits; there is no procedural default. A Certificate of appealablity should issue on this claim as well.

WHEREFORE, PREMISES CONSIDERED, Mr. Monterrubio respectfully requests that this Court issue a Certificate of Appealability and allow him to appeal these issues.

Respectfully submitted,

/s/ Michael B. Charlton

Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
(713) 572 2483 (fax)
State Bar of Texas 04144800
State Bar # 04144800
Federal Bar # 8663
COUNSEL FOR JOSE IGNACIO MONTERRUBIO

_____

Elisa Vasquez
613 19th Street
Galveston, Texas 77550
(409) 763 2131
(409) 763 4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Request for the Issuance of a Certificate of Appealability was served on opposing counsel, Tina Dettmer, of the Texas State Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by mailing a copy of same on June 17, 2003

/s/ Michael B. Charlton

Respectfully submitted,

/s/

Michael B. Charlton
1744 Norfolk
Houston, Texas 77098
(713) 572 2333
(713) 572 2483 (fax)
State Bar of Texas 04144800
State Bar # 04144800
Federal Bar # 8663
COUNSEL FOR JOSE IGNACIO MONTERRUBIO


_____
Elisa Vasquez
613 19th Street
Galveston, Texas 77550
(409) 763 2131
(409) 763 4104
State Bar of Texas 20502100
COUNSEL FOR JOSE IGNACIO MONTERRUBIO

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Request for the Issuance of a Certificate of Appealability was served on opposing counsel, Tina Dettmer, of the Texas State Attorney General's Office, P.O. Box 12548, Austin, Texas 78711 by mailing a copy of same on June 17, 2003

/s/
Michael B. Charlton