IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE IGNACIO MONTERRUBIO,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL,<br>Director, Texas Department of<br>Criminal Justice, Institutional Division<br>Respondent. | §<br>§<br>§<br>§  C.A. NO. B-02-204<br>§<br>§<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner's, Jose Ignacio Monterrubio, Motion for Certificate of Appealability (COA) (Docket Entry No. 15). For the reasons set forth below, the Motion should be denied.

On May 5, 2003, the undersigned Magistrate recommended that this Court deny habeas relief, dismiss this case, and deny Monterrubio's Certificate of Appealability (COA) (Docket Entry No. 11). On June 6, 2003, this Court adopted the Report and Recommendation and entered an order denying habeas relief and dismissing this case (Docket Entry No. 13).

A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition

>on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

"The nature of the penalty in a capital case is a proper consideration in determining whether to issue a [COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate." Washington v. Johnson, 90 F.3d 945, 949 (5th Cir. 1996) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983), cert. denied, 520 U.S. 1122 (1997)).

The undersigned has considered Monterrubio's request for a COA. While the Report and Recommendation adopted by the district court denying habeas relief was based on procedural inadequacies, this Court finds that Monterrubio has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this court] was correct in its procedural ruling." Slack, 529 U.S. at 484. As to Monterrubio's only claim denied on its merits (the argument that insufficient evidence supported Monterrubio's death sentence), he has failed to show "that reasonable jurists would find . . . debatable or wrong this Court's determination that sufficient evidence supported the jury's answers to Texas' special issues. Id. While Monterrubio's petition raised important issues deserving careful consideration, he failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Monterrubio's request for COA should be denied.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 30th day of September 2003.

Felix Recio
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-02-204 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

## ORDER

On May 5, 2003, Magistrate Judge Felix Recio recommended that this Court deny habeas relief, dismiss this case, and deny Monterrubio a Certificate of Appealability ("COA"). (Docket Entry No. 11). On June 6, 2003, this Court adopted the Report and Recommendation and entered an order denying habeas relief and dismissing this case. (Docket Entry No. 13). Monterrubio has since filed a notice of his intent to appeal (Docket Entry No. 14), and a motion for the issuance of a COA (Docket Entry No. 15). The appeal of this case cannot proceed until this Court rules on the issuance of a COA.

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained the standard for evaluating the issuance of a COA as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El*, __ U.S. at __, 123 S. Ct. at 1039-40. "The nature of the penalty in a capital case is a 'proper consideration in determining whether to issue a [COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate.'" *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)), *cert. denied*, 520 U.S. 1122 (1997).

This Court has considered Monterrubio's request for a COA. In denying habeas relief, this Court found that procedural inadequacies barred federal consideration of the majority of Monterrubio's claims. Monterrubio has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As to the only claim denied on its merits (the argument that insufficient evidence supported Monterrubio's death sentence), he has failed to show that "reasonable jurists would find . . . debatable or wrong" this Court's determination that sufficient evidence supported the jury's answers to Texas's special issues. *Id.* While Monterrubio's petition raised important issues deserving careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Pursuant to the Magistrate's recommendation, and after a *de novo* review of the issue, this Court **DENIES** Monterrubio's motion for the issuance of a COA.

DONE at Brownsville, Texas on this ___ day of _____, 2003.

                                                                       Hilda Tagle
UNITED STATES DISTRICT JUDGE