IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| JOSE IGNACIO MONTERRUBIO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. B-02-204 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

## ORDER

On May 5, 2003, Magistrate Judge Felix Recio recommended that this Court deny habeas relief, dismiss this case, and deny Monterrubio a Certificate of Appealability ("COA"). (Docket Entry No. 11). On June 6, 2003, this Court adopted the Report and Recommendation and entered an order denying habeas relief and dismissing this case. (Docket Entry No. 13). Monterrubio has since filed a notice of his intent to appeal (Docket Entry No. 14), and a motion for the issuance of a COA (Docket Entry No. 15). The appeal of this case cannot proceed until this Court rules on the issuance of a COA.

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained the standard for evaluating the issuance of a COA as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El*, __ U.S. at __, 123 S. Ct. at 1039-40. "The nature of the penalty in a capital case is a 'proper consideration in determining whether to issue a [COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate.'" *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)), *cert. denied*, 520 U.S. 1122 (1997).

This Court has considered Monterrubio's request for a COA. In denying habeas relief, this Court found that procedural inadequacies barred federal consideration of the majority of Monterrubio's claims. Monterrubio has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As to the only claim denied on its merits (the argument that insufficient evidence supported Monterrubio's death sentence), he has failed to show that "reasonable jurists would find . . . debatable or wrong" this Court's determination that sufficient evidence supported the jury's answers to Texas's special issues. *Id.* While Monterrubio's petition raised important issues deserving careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Pursuant to the Magistrate's recommendation, and after a *de novo* review of the issue, this Court DENIES Monterrubio's motion for the issuance of a COA.

DONE at Brownsville, Texas on this 13 day of February, 2004.

Hilda Tagle
UNITED STATES DISTRICT JUDGE